UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY LUU,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAMPARTS, INC. d/b/a LUXOR HOTEL CASINO, a Nevada Corporation,<br><br>　　　　　　　Defendant. | Case No. 2:12-cv-00596-MMD-VCF<br><br>ORDER<br><br>(Motion to Dismiss or Motion for a More Definite Statement – dkt. no. 6) |

**I.　SUMMARY**

Before the Court is Defendant Ramparts, Inc., d/b/a Luxor Hotel Casino's ("LHC") Motion to Dismiss or Motion for More Definite Statement. (Dkt. no. 6.) For the reasons stated below, the Motion to Dismiss is granted, and the Motion for a More Definite Statement is denied as moot.

**II.　BACKGROUND**

Plaintiff Anthony Luu uses a wheelchair for mobility. He alleges that on April 12, 2010, he visited Defendant's property, Luxor Las Vegas ("Luxor"). When Luu arrived, he requested an ADA accessible guest room. He was assigned East Tower Room 7337, which Defendant states is an ADA accessible room with a shower chair. When Luu used the shower, his disability caused him to shake and fall off the shower chair. Luu reported the incident to Defendant. He received medical assistance and was reassigned to an ADA accessible room with a roll-in shower and tub.

Plaintiff sued, alleging that the existing conditions at the Luxor violate the ADA Accessibility Guidelines for buildings and facilities ("ADAAG"). *See* 28 C.F.R. § 36; 28

C.F.R. pt. 36, App. A. Plaintiff alleges that Defendant's facility violates ADAAG guidelines concerning (1) entrance access and path of travel; (2) access to goods and services; and (3) access to guest rooms. Plaintiff also brings one count of violation of the Nevada ADA and one count of negligence. (*See* dkt. no. 1.)

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks standing to bring this lawsuit.

### III.   MOTION TO DISMISS

#### A.   12(b)(1) Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Defendant brings a factual attack on the Complaint. Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "In a facial

attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Myer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Once a moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage*, 343 F.3d at 1040, n. 3 (*citing St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Trentacosta*, 813 F.2d 1553, 1559 (9th Cir. 1987) (stating that on a factually attacked 12(b)(1) motion to dismiss, the nonmoving party's burden is that of Rule 56(e)). However, on a factual attack, the court may not "resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011) (citations and quotation marks omitted).

  **B.** **Standing and the ADA**

    **1.** **Legal Principles**

"Though its purpose is sweeping . . . and its mandate 'comprehensive,' 42 U.S.C. § 12101(b)(1), the ADA's reach is not unlimited. Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (*citing* U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); (remaining citation omitted; ellipses added)).

To establish standing, Luu must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [Defendant's] actions, and that the injury can be

3

redressed by a favorable decision." See *Chapman*, 631 F.3d at 946. Only the first element, injury-in-fact, is at issue here.

"The existence of federal standing 'often turns on the nature and source of the claim asserted.'" *Chapman*, 631 F.3d at 947 (*quoting Warth v. Seldin*, 422 U.S. 490, 500 (1975)). "Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Id.* (Citing *Doran*, 524 F.3d at 1041, n.4 (stating that the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access")). "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Chapman*, 631 F.3d at 947 (citing 42 U.S.C. § 12182(a)). In fact, "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III . . . ." *Doran*, 524 F.3d at 1042, n.5.

A barrier "will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Chapman*, 631 F.3d at 947. "Because the ADAAG establishes the technical standards required for "full and equal enjoyment, if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes discrimination under the ADA. *Id.* (internal quotation marks omitted). "That discrimination satisfies the 'injury-in-fact' element of *Lujan*." *Id.* "As [the Ninth Circuit has] held, once a disabled plaintiff has encountered a barrier violating the ADA, that plaintiff will have a personal stake in the outcome of the controversy so long as his or her suit is limited to barriers related to that person's particular disability." *Id.* (internal quotation marks and citations omitted).

///

"Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Moreover, "[a]lthough encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (*citing Lyons,* 461 U.S. at 111). "That is, he must establish a 'real and immediate threat of repeated injury.'" *Id.* (quoting *Lyons* 461 U.S. at 102 (other citation omitted)).

### 2. Analysis

An ADA Title III plaintiff may establish standing in one of two ways: (1) demonstrating an intent to return to a noncompliant accommodation; or (2) demonstrating that s/he is deterred from visiting a noncompliant public accommodation because s/he has encountered barriers related to his/her disability there.[1]  *Chapman*, 631 F.3d at 949.

### a. Intent to Return

Defendant first argues that Luu lacks standing because he fails to demonstrate an intent to visit the Luxor and encounter the alleged ADA violations again. Importantly, isolated, past incidents of ADA violations do not support an inference that a plaintiff faces a real and immediate threat of continued, future violations of the ADA in the absence of injunctive relief. *See Midgett v. Tri-Cnty. Met. Trans. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001).

Plaintiff has not demonstrated an intent to return to the Luxor. Plaintiff's affidavit contains only conclusory statements about Plaintiff's plans to return to the Luxor. He

---

[1] The Court notes that Plaintiff's standing argument in his Response Brief contains few references to facts establishing Plaintiff's standing. Instead, the section primarily consists of several lengthy block quotes from *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011), among other cases. Merely providing the Court with conclusory statements like "Plaintiff can show injury in fact," (dkt. no. 8 at 5) and then citing to a page-and-a-half block quote, is not a proper legal argument (*id.* at 8-9).

5

states that he plans on revisiting the Luxor on "a spontaneous but fair and equal basis." (Dkt. no. 8-1 at ¶ 3.)  He continues, stating "Las Vegas is an exciting city, it is not too far away from my home in California and I believe many people travel from California to Las Vegas on a 'spontaneous' basis," (*id.* at ¶ 4) and that "[t]he Luxor is an exciting facility and fits with my desire for a hotel in Las Vegas which I can sometimes get away without traveling very far." (*Id.*)

In *Norkunas v. Wynn Resorts Holdings, LLC*, 2:07CV00096-RLH-PAL, 2007 WL 2949569, at *1 (D. Nev. Oct. 10, 2007), *aff'd sub nom. Norkunas v. Wynn Las Vegas, LLC*, 343 F. App'x 269 (9th Cir. 2009), plaintiff Norkunas alleged that he experienced a series of ADA violations at defendant's property.  Defendant brought a factual attack under Fed. R. Civ. P. 12(b)(1). *Id.* at *2.  The Court held that Norkunas and the other plaintiffs had not provided facts in the form of an affidavit or other evidence demonstrating an intent to return to the property. *Id.* at 3.  The Court noted that the plaintiff did not present "any evidence, or even argument, of a definite and concrete plan" to return to the Wynn. *Id.*  The Court cited the Supreme Court's holding in *Lujan*, 504 U.S. at 564, noting that "'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of [ ] 'actual or imminent' injury." *Id.* (emphasis in *Lujan*; brackets in *Norkunas*.) Though Norkunas and the other plaintiffs there alleged "in their Amended Complaint that they desire[d] to use the goods and services of Wynn Las Vegas . . ., a mere expressed desire does not, by itself, imply an intent to return." *Id.* (citing *Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004)).

"[F]ailure to respond to [d]efendants' substantive attacks constitutes a concession to their truth." *Norkunas*, 2007 WL 2949569, at *3.  In *Norkunas*, the court determined that merely stating their intent to return to the Wynn Las Vegas was not an adequate response to the defendant's 12(b)(1) factual attack on standing. *Id.*  Likewise here, Luu's representation that he may travel from his home in California to Las Vegas on a "spontaneous" basis (dkt. no. 8-1 at ¶ 4) and that he may stay at the Luxor on "a

1  spontaneous but fair and equal basis" (*id.* at ¶ 3) demonstrates no more than a desire to
2  return to the Luxor.  Luu's affidavit contains classic "some day," non-concrete plans to
3  stay at the Luxor, and these statements accordingly cannot survive Defendant's Motion.[2]
4  *Accord Lujan*, 504 U.S. at 564.  *Contra Fiedler v. Ocean Properties, Ltd.*, 683 F. Supp.
5  2d 57, 71-73 (D. Me. 2010) (holding that the plaintiff's sworn affidavit testimony stating
6  that he intended to spend a summer vacation staying at the defendant's hotel if and
7  when it was brought into ADA compliance sufficed to establish standing for the purposes
8  of summary judgment).

### b.   Deterred from Visiting

Plaintiff's affidavit statements about deterrence are substantially similar to his statements about his intent to return there.  For example, Luu states that he intends "to once again stay at" the Luxor "on a spontaneous but fair and equal basis if it can be made accessible between now and the next time" he visits.  (Dkt. no. 8-1 at 2.)

The *Pickern v. Holiday Quality Foods Inc.* court held that the plaintiff was deterred from visiting defendant's store and had standing where the plaintiff had visited the defendant's store "in the past and state[d] that he ha[d] actual knowledge of the barriers to access at that store[,] [and stated that he] prefer[red] to shop at [defendant's property] and that he would shop at the [store] if it were accessible." 293 F.3d 1133, 1137-38 (9th Cir. 2002) (*citing for the purposes of comparison Dudley v. Hannaford Bros. Co.*, 146 F. Supp. 2d 82, 86 (D. Me. 2001) (disabled plaintiff alleged actual injury where he evinced a desire to patronize a store that had discriminated against him in the past and had not changed its discriminatory policies or practices . . . ) *with Moreno v. G & M Oil Co.*, 88 F. Supp. 2d 1116, 1116 (C.D. Cal. 2000) (disabled plaintiff could not show actual injury with

---

[2]LHC presents evidence that Plaintiff has an "M Life" card, a customer rewards program for Luxor and other MGM Resorts International properties in Las Vegas. According to Defendant's records, Plaintiff applied for his card on the Internet on March 22, 2010, and used it only on April 12-13, 2010.  (Dkt. no. 6, Ex. A.)  In his affidavit, Plaintiff does not state that he intends to use the M Life card in the future.  This further supports Defendant's argument that Plaintiff does not intend to return to the Luxor.

respect to defendant's other gas stations, because plaintiff "[did] not claim he want[ed] to visit the other stations, or will ever do so."); *see also Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1079-80 (D. Haw. 2000) (disabled plaintiff established likelihood of future injury by submitting evidence that he would like to visit defendant's restaurant in the future, had patronized other restaurants in the chain, and the restaurant was close to his residence and was on a familiar bus line) (remaining citation omitted).

Conversely, the plaintiff in *Johnson v. Overlook at Blue Ravine, LLC*, stated that defendant's ADA violations deterred him from returning to the property and that he would like to return once the property was ADA-compliant. 2:10-CV-02387, 2012 WL 2993890, at *4 (E.D. Cal. July 20, 2012). Because the plaintiff merely stated that he was deterred from returning, and presented no corroborating evidence to support this contention, the court determined that he was not in danger of an "imminent injury," and lacked standing. *Id.* at *4-5.[3]

Luu has not presented evidence that he is deterred from returning to the Luxor because of its ADA non-compliance. Unlike the plaintiffs in *Pickern* and *Dudley*, Luu does not state that he has visited the Luxor at any other time. *See Pickern*, 293 F.3d at 1137-38; *Dudley*, 146 F. Supp. 2d at 86. Unlike the plaintiffs in *Pickern* and *Parr*, Luu cannot demonstrate that he either prefers to stay at the Luxor or that it is the most convenient hotel and casino location for him. *See Pickern*, 293 F.3d at 1137-38; *Parr*, 96 F. Supp. 2d at 1079-80. Finally, Luu cannot demonstrate that the Luxor has discriminated against him in the past and failed to change its discriminatory practices and/or policies, as the plaintiff in *Dudley* demonstrated. *See* 146 F. Supp. 2d at 86. Rather, like the plaintiff in *Johnson*, Luu merely states that he is aware of the ADA barriers at the Luxor and will stay there on a "spontaneous but fair and equal basis" should the property be made accessible. *Accord Johnson*, 2012 WL 2993890, at *4;

---

[3] The *Johnson* court dismissed the plaintiff's case on summary judgment rather than a 12(b)(1) factual attack. 2012 WL 2993890, at *1.

(dkt. no. 8-1 at ¶ 8).  This is not sufficient evidence to demonstrate that Luu is in danger of suffering an "imminent injury."  *Accord id.*

### C. State Law Claims

Both parties agree that this Court has supplemental rather than original jurisdiction over Plaintiff's state law claims.  (Dkt. nos. 6 at 12 and 8 at 9.)  Plaintiff presents no argument regarding why this Court should retain jurisdiction over the state law claims should the federal claims be dismissed.  (*See* dkt. no. 8 at 9.)  The Court accordingly dismisses Plaintiff's state law claims without prejudice to their filing in state court.  *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139, 1143 n.7 (9th Cir. 2003).

### D. Remaining Issues

The parties briefed two additional issues not discussed herein: (1) Luu's standing to challenge barriers unrelated to his specific disability, and (2) whether Luu should file a more definite statement.  This Order moots both of these issues.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (dkt. no. 6) is GRANTED.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to his federal cause of action.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to his state law causes of action.  Plaintiff may file a complaint containing these causes of action in state court.

IT IS FURTHER ORDERED that Defendant's Motion for a More Definite Statement (dkt. no. 6) is DENIED AS MOOT.

The Clerk of the Court is HEREBY ORDERED to close this case.

ENTERED THIS 21st day of February 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE